# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. KERNAN, et al.,<br><br>　　　　Defendants. | **Case No. 1:18-cv-01045-AWI-JLT (PC)**<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE**<br><br>**(Docs. 10, 14, 15, 21)**<br><br>**CLERK OF COURT TO OPEN NEW CASE WITH DOC. 16** |

　　　　Plaintiff, David Florence, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Plaintiff's First Amended Complaint was screened, did not comply with Rule 8 of the Federal Rules of Civil Procedure, and appeared to violate Rules 18 and 20. (Doc. 13.) The Court granted leave to file a second amended complaint and directed Plaintiff to choose which of claims would proceed in this action. (*Id.*, pp. 4-5.) Plaintiff filed the Second Amended Complaint on October 9, 2019. (Doc. 16.) Then, on October 22, 2018, Plaintiff filed another document titled as a second amended complaint (Doc. 17) along with a motion for leave to file it late (Doc. 18).

　　　　Plaintiff was informed in the First Screening Order that an amended complaint supersedes prior versions. (Doc. 13, p. 14 (citing *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703,

2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc).) Accordingly, Plaintiff's motion for leave to file another second amended complaint late was granted and the document which had been lodged as a second amended complaint (Doc. 18) was filed and renamed the Third Amended Complaint, (Doc. 22). The Magistrate Judge screened the Third Amended Complaint and recommended dismissal without leave to amend for failure to state a claim. (Doc. 21.) The screening Findings and Recommendation was served that same date and allowed for filing of objections within twenty-one days. (*Id.*)

In response, Plaintiff does not object to dismissal of the Third Amended Complaint, but instead inquires whether the Court received the Second Amended Complaint, that he submitted on October 2, 2018, which he still desires to pursue. (Doc. 23.) The Second Amended Complaint, which Plaintiff submitted on October 2, 2018 was received and filed in this action on October 9, 2018. (Doc. 16.) However, as indicated in the screening Findings and Recommendation, (Doc. 21), it was superceded when Plaintiff filed another second amended complaint, which was subsequently filed and renamed as the TAC, (Doc. 22). This action is proceeding on the Third Amended Complaint. As discussed in the screening Findings and Recommendations (Doc. 21) and the First Screening Order (Doc. 13) Plaintiff may not proceed on his claims in the Second Amended Complaint, (Doc. 16), in this action because when viewed along with the claims in the TAC, Rules 18 and 20 are violated. Thus, the Clerk's Office will be directed to use the second amended complaint (Doc. 16) to open a new action for Plaintiff.[1] However, Plaintiff's response to the screening Findings and Recommendations does not show error in the analysis in the screening Findings and Recommendation, or any ability to correct the identified deficiencies in the Third Amended Complaint.

The assigned Magistrate Judge also issued Findings and Recommendations (Docs. 14, 21) to deny Plaintiff's motions for temporary restraining orders and injunctive relief (Docs. 10, 15), which are based on Plaintiff's claims in the Second Amended Complaint (Doc. 16). In light of

---

[1] Plaintiff is responsible for the filing fee in the new action and he may file an application to proceed *in forma pauperis* therein if desired. In the new action, the second amended complaint will be subject to screening pursuant to 28 U.S.C. § 1915A(a).

2

the above, the Court lacks jurisdiction, *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103-04 (1998), and relief for Plaintiff cannot be narrowly drawn, 18 U.S.C. § 3626 (a)(1)(A), as Plaintiff seeks relief that is unrelated to the violations of his rights raised in the Third Amended Complaint.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The screening Findings and Recommendations, issued on February 8, 2019, (Doc. 21), is adopted in full;
2. This action is dismissed with prejudice for Plaintiff's failure to state a claim;
3. The Findings and Recommendations (Docs. 14, 21) on Plaintiff's motions for temporary restraining orders and preliminary injunctions (Docs. 10, 15) are adopted in full and Plaintiff's motions thereon are denied; and
4. The Clerk of the Court is directed:
    a. to close this action;
    b. to serve Plaintiff a copy of the docket in this action along with this order
    c. to open a new case for Plaintiff, filing the Second Amended Complaint (Doc. 16) as the opening complaint therein, issuing new case documents and an order re consent; and
    d. to forward a blank application for an inmate to proceed *in forma pauperis* which Plaintiff may file if he desires to proceed *in forma pauperis* in the new case.

IT IS SO ORDERED.

Dated:  March 11, 2019

SENIOR DISTRICT JUDGE

3