UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE,<br><br>        Plaintiff,<br><br>    v.<br><br>KERNAN, *et al.*,<br><br>        Defendants. | No. 1:19-cv-00331-NONE-BAM (PC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION</u><br><br>(Doc. Nos. 11, 15, 16, 20) |

      Plaintiff David Florence is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On March 10, 2020, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motions for a preliminary injunction be denied. (Doc. No. 20.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 5.) Plaintiff filed objections on March 30, 2020. (Doc. No. 22.)

      Plaintiff's objections primarily relate to the merits of this action, namely, plaintiff's contention that the challenged policy of creating Non-Designated Programming Facility ("NDPF") yards was improper under California laws and regulations, as well as the Administrative Procedure Act. (*Id.*) However, plaintiff fails to address the magistrate judge's

1

findings that his motions failed to establish that plaintiff is entitled to the injunctive relief he seeks. Among other things, plaintiff's objections appear to confirm that he is no longer housed at a facility that has implemented the NDPF policy, which would make his request for injunctive relief moot.

In addition, plaintiff does not challenge the magistrate judge's finding that the court at this time lacks personal jurisdiction over any of the defendants or any other CDCR officials that he seeks to enjoin. Similarly, to the extent plaintiff alleges that he has been harmed by implementation of the NDPF policy due to disciplinary actions taken against him, the exhibits attached to his objections show only a single disciplinary action, in which plaintiff intentionally acquired contraband and placed it in his own cell so he would be caught with it, in an effort to avoid being sent to a Non-Designated facility. (*Id.* at 22–23.) As such, the only harm that has been suffered to date, as related to the challenged policy, appears to be intentionally self-inflicted by plaintiff.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on March 10, 2020, (Doc. No. 20), are adopted in full;
2. Plaintiff's motions for a preliminary injunction, (Doc. Nos. 11, 15, 16), are denied; and
3. The matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: __**April 15, 2020**__  
                                                  UNITED STATES DISTRICT JUDGE