# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE, | Case No. 1:19-cv-00331-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b) |
| v. | |
| KERNAN, *et al.*, | (ECF No. 24) |
| Defendants. | |

**I.    Procedural History**

Plaintiff David Florence ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was opened as a new case by order of the assigned District Judge in Florence v. Kernan, Case No. 1:18-cv-01045-AWI-JLT (PC) ("Florence I"). (See ECF No. 2.) As explained in that order, Plaintiff filed a Second Amended Complaint in Florence I on October 9, 2018, and another document titled as a second amended complaint on October 22, 2018. Florence I, Doc. Nos. 16, 17. As the later-filed amended complaint superseded the Second Amended Complaint, the October 22, 2018 document was filed and renamed the Third Amended Complaint. Id. at Doc. No. 22. On February 8, 2019, the Third Amended Complaint was screened and the assigned Magistrate Judge recommended dismissal without leave to amend for failure to state a claim. Id. at Doc. No. 21.

///

Rather than filing objections to the dismissal of the Third Amended Complaint, Plaintiff inquired whether the court had received the Second Amended Complaint filed October 9, 2018, which he still desired to pursue. Florence I, Doc. No. 23. The court explained that the Second Amended Complaint was superseded, and that the claims raised therein violated Federal Rules of Civil Procedure 18 and 20 when viewed along with the claims in the Third Amended Complaint. (ECF No. 2, p. 2.) Thus, the court directed the Clerk's Office to use the October 9, 2018 Second Amended Complaint to open a new action for Plaintiff. The court also noted that Plaintiff would be responsible for the filing fee in the new action, or for filing an application to proceed *in forma pauperis*. (Id. at 2 n.1.)

After this action was initiated, the undersigned ordered Plaintiff to submit an application to proceed *in forma pauperis* or pay the filing fee within forty-five days. (ECF No. 4.)

On March 27, 2019, Plaintiff filed objections in Florence I regarding the requirement that he pay the filing fee again in the new action, and instead arguing that he should be permitted to proceed in Florence I on his Second Amended Complaint, because the Third Amended Complaint had been dismissed. The court found that Plaintiff's objections regarding payment of the filing fee were more appropriately addressed in the instant action and directed the Clerk's Office to file the objections in this case. Florence I, Doc. No. 27. Those objections were therefore filed in this action on April 12, 2019. (ECF No. 6.) Plaintiff's motion to proceed *in forma pauperis* was received the same date. (ECF No. 5.)

On April 19, 2019, in light of the filing of Plaintiff's motion to proceed *in forma pauperis* in this action, the undersigned found that Plaintiff's objections to the requirement that he file a new motion to proceed *in forma pauperis* were moot. (ECF No. 7.)

**II.     Motion for Relief Under Federal Rule of Civil Procedure 60(b)**

Currently before the Court is Plaintiff's motion for relief under Federal Rule of Civil Procedure 60(b), filed April 21, 2020. (ECF No. 24.) Plaintiff requests that the Court take judicial notice of Case No. 1:18-cv-01045-AWI-JLT (PC), discussed above as Florence I. The Court grants the request for judicial notice. Plaintiff then summarizes the same procedural history as set forth above, and reiterates the discussion from the decision in Florence I. Florence I, Doc.

No. 27.

Plaintiff's argument is essentially that he should not be required to pay an additional filing fee in the instant action, because he originally intended to file only an amended complaint, rather than open a new case. Plaintiff alleges that the Clerk of the Court made a mistake in requiring Plaintiff to pay an additional filing fee, and that the Court did not itself order Plaintiff to pay the filing fee because he already paid the filing fee in Florence I.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

As noted above, Plaintiff already filed a motion to proceed *in forma pauperis* when this action was opened, in which he authorized collection of the filing fee from his trust account if he was found eligible to proceed *in forma pauperis*. (ECF No. 5, p. 2.) That motion was granted on April 19, 2019. (ECF No. 7.) As such, his "new" objections to the collection of the filing fee remains moot, the same as his original April 12, 2019 objections. (See ECF No. 7, p. 3.)

///

In addition, Plaintiff fails to meet the standard set forth under Federal Rule of Civil Procedure 60(b) or Local Rule 230(j) to show new or different circumstances or any other reason for reconsideration of the Court's prior order.  Plaintiff's motion essentially reiterates the arguments originally raised in his April 12, 2019 objections, which were found unpersuasive by the court in Florence I and disregarded as moot by this Court.  While Plaintiff appears to argue that it was a mistake by the Clerk of the Court to require him to pay the additional filing fee, the Court finds that the Clerk of the Court did not make a mistake.  The Court ordered Plaintiff to pay the filing fee because a new action was opened in his name following his request to proceed on the second amended complaint in Florence I , and the Court then directed the Clerk of the Court to collect the appropriate filing fee. (ECF No. 7, p. 3.)

To the extent Plaintiff is arguing that this action should not have been opened as a new case, the Court is also unpersuaded.  Although Plaintiff claims he intended only to file an amended complaint in Florence I, that amended complaint alleged claims that could not be permissibly joined with the claims raised in his original complaint in Florence I. (ECF No. 2, p. 2 n.1.)  In the Florence I screening order, the court explicitly warned that "Plaintiff may not change the nature of this suit by adding new, unrelated claims in a second amended complaint." Florence I, Doc. No. 13, p. 14 (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).  Plaintiff did not follow this instruction when he filed the October 9, 2019 second amended complaint, and the result was the opening of the instant action as a separate case.

### III. Conclusion and Order

Accordingly, Plaintiff's motion for relief under Federal Rule of Civil Procedure 60(b), (ECF No. 24), is HEREBY DENIED.  Plaintiff remains obligated to pay the filing fee for the instant action.

IT IS SO ORDERED.

Dated:   **April 22, 2020**         /s/ *Barbara A. McAuliffe*        _
                                                 UNITED STATES MAGISTRATE JUDGE

4